# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: MOORE-HANDLEY, INC., et al ) | | Bankruptcy Case No.: |
| ) | | 09-04198-TBB11 |
| Debtors. ) | | Jointly Administered |
| ) | | |

## EMERGENCY MOTION TO RECONSIDER OR ALTER OR AMEND

COMES NOW the undersigned on behalf of the Official Unsecured Creditors' Committee (the "Committee") in the above-styled bankruptcy case and files this Motion to Reconsider, or Alter, or Amend the Final Order Approving Debtor's Motion For Interim Order and Final Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b) (the "Final Order Approving Cash Collateral") (Doc 212). In support of the Limited Objection the Committee states as follows:

1. On July 17, 2009 (the "Petition Date"), Moore-Handley, Inc. and its wholly owned subsidiary Hardware House, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their business and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtors, as Borrowers, and The CIT Group/Business Credit, Inc. ("CIT") were parties to various financial accommodation agreements (the "Pre-Petition Loan Documents").

3. On July 17, 2009, the Debtors filed a Motion for Interim Order and Final Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b). On this same day, after a hearing before the Court, the Court entered an Interim Order

Approving Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b) (the "First Interim Order"). On July 21, 2009, the Court entered an Amended Interim Order Approving Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b) (the "Amended Interim Order"). On July 23, 2009, the Court entered a Second Amended Interim Order Approving Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b) (the "Second Interim Order"). On July 30, 2009, the Court entered a Third Amended Interim Order Approving Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b) (the "Third Interim Order"). On August 14, 2009, the Court entered a Final Order Approving Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001(b) (the "Final Order Approving Cash Collateral").

4. The Final Order Approving Cash Collateral provides that "the liens and security interests of CIT and the administrative priority granted CIT shall be subordinate to . . . . (iii) the fees and expenses allowed by the Bankruptcy Court pursuant to sections 328, 330 and 331 of the Bankruptcy Code to professionals employed by an committee pursuant to section 327 of the Bankruptcy Code (each, a "Committee") . . ." The Final Order Approving Cash Collateral further provides that the "Carveout for the fees and expenses of professionals employed [sic] by any Committee shall not exceed $75,000 in the aggregate; . . ."

5. The Debtors cases are large and present complex financial and legal issues. While the Debtors are attempting to reorganize, the Debtors are also marketing their business for sale as a going concern. The Committee requires analysis and guidance from court approved professionals. The professionals' fee carveout is inherently unjust and provides an undue limitation on the professionals of the Committee. In addition to the retention of the undersigned counsel to act on behalf of the Committee, the Committee requires the retention of a financial

advisor. Accordingly, the $75,000 carveout provided for in the Final Order Approving Cash Collateral is inadequate.

6. The Committee intends to seek the retention of a final advisor in the immediate future.

7. The Committee seeks a reconsideration of the Amended Final Order Approving Cash Collateral pursuant to Bankruptcy Rule 9024.

WHEREFORE, based upon the foregoing, the Committee respectfully requests the Court Reconsider, Alter, and/or Amend the Final Order Approving Cash Collateral to provide for a more just and adequate professionals fee carveout for the Committee.

/s/ R. Scott Williams
R. Scott Williams
Attorney for Official
Unsecured Creditors' Committee

**Of Counsel:**
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Phone: 205.251.1000
Fax: 205.324.1133
rsw@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically served this the 28th day of August, 2009, in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

_/s/ R. Scott Williams_
Of Counsel

3270362v1